CAUSE NO. 21-0356-C

| | | |
|---|---|---|
| **BETA TELE-PAGE, INC.,** | § § § | **IN THE DISTRICT COURT** |
| *Plaintiff*, | § § § | |
| v. | § § | **241ST JUDICIAL DISTRICT** |
| **STATE AUTOMOBILE MUTUAL INSURANCE COMPANY,** | § § § § | |
| *Defendant*. | § | **SMITH COUNTY, TEXAS** |

**DEFENDANT STATE AUTOMOBILE MUTUAL INSURANCE COMPANY'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant State Automobile Mutual Insurance Company ("Defendant" or "State Auto") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 as follows:

**I. NATURE OF THE SUIT**

This lawsuit arises from a claim made by Beta Tele-Page, Inc. ("Plaintiff"), under a policy of insurance. Plaintiff filed this lawsuit alleging breach of contract, violations of Texas Insurance Code Chapter 541 and 542, violations of the Texas Deceptive Trade Practices Act ("DTPA"), and breach of the duty of good faith and fair dealing.

**II. PROCEDURAL BACKGROUND**

1. On February 24, 2021, Plaintiff filed an Original Petition initiating an action against State Auto in the 241st Judicial District Court of Smith County, Texas, bearing Cause No. 21-0356-C ("the State Court Action"). *See* **Exhibit C.** A jury demand was made in the State

Court Action. *Id*. On March 15, 2021, Plaintiff served a summons and Petition on the registered agent for State Auto. *See* **Exhibit E.**

2. This Notice of Removal is timely filed within the 30-day statutory time period for removal under 28 U.S.C. § 1446(b)(1), being filed within 30 days after Defendant's receipt of service of process.

3. This Notice of Removal is also timely filed within one year after commencement of the State Court Action, in compliance with 28 U.S.C. § 1446(c)(1).

### III. BASIS FOR REMOVAL

4. This Court has original diversity jurisdiction under 28 U.S.C. § 1332 over this civil action, and the action may be removed pursuant to 28 U.S.C. § 1441(b), as it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. **Plaintiff is a Texas citizen**. Upon information and belief, Beta Tele-Page, Inc., is a Texas corporation with its principal place of business in Texas.

6. **Defendant is not a Texas citizen.** State Auto is an Ohio corporation with its principal place of business in Ohio. Thus, Defendant is not a citizen of Texas for the purposes of diversity jurisdiction, and complete diversity of citizenship exists among Plaintiff and State Auto.

7. **The amount in controversy exceeds $75,000.** Plaintiff's Original Petition pleads actual economic damages of "$250,000 but not more than $1,000,000." *See* **Exhibit C** at 2. Furthermore, Plaintiff has pled Defendant violated § 17.50(a)(1)(3) of the DTPA, as well §§ 541.051, 541.060(a)(1)–(a)(4), 541.060(a)(7), 541.061, and 542.058 of the Texas Insurance Code, **Exhibit C** at 4-9, and prays for "attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or

special, at law or in equity, to which Plaintiff may show itself to be justly entitled." **Exhibit C** at 11.

8. Under § 541.152(b) of the Texas Insurance Code, "on a finding by the trier of fact that the defendant knowingly committed the act complained of, the trier of fact may award an amount not to exceed three times the amount of actual damages…." TEX. INS. CODE ANN. § 541.152. Under the DTPA § 17.50(b)(1), a consumer who prevails may obtain "the amount of economic damages found by the trier of fact. If the trier of fact finds that the conduct of the defendant was committed knowingly, the consumer may also recover damages for mental anguish, as found by the trier of fact, and the trier of fact may award not more than three times the amount of economic damages; or if the trier of fact finds the conduct was committed intentionally, the consumer may recover damages for mental anguish, as found by the trier of fact, and the trier of fact may award not more than three times the amount of damages for mental anguish and economic damages…." TEX. BUS. & COM. CODE ANN. § 17.50.

9. Therefore, the petition on its face, which explicitly seeks recovery of damages over $75,000 and asserts claims under statutes that provide for treble damages and attorneys' fees, if their allegations are proven, demonstrates an amount in controversy which exceeds the minimum amount to invoke this Court's jurisdiction.  Because the amount in controversy facially exceeds $75,000, this Court has subject-matter jurisdiction under 28 U.S.C. § 1332, and this removal is proper.

10. Removal to the Eastern District of Texas, Tyler Division is proper because the state court action is pending in Smith County, which is part of the Eastern District.

11. In compliance with 28 U.S.C. § 1446(a) and Local Rule CV-81, Defendant has filed with this Notice of Removal (a) a list of all parties in the case, their party type, and current

status of the removed case; (b) a civil cover sheet and certified copy of the state court docket sheet, a copy of all pleadings that assert causes of action, all answers to such pleadings, and a copy of all process and orders served upon the party removing the case to this court as required by 28 U.S.C. § 1446(a); (c) a complete list of attorneys involved in the action being removed, including each attorney's bar number address, telephone number, and party or parties represented by that attorney; (d) a record of which parties have requested jury trial; and (e) the name and address of the court from which the case was removed. *See attached* **Exhibits A-G.** Defendant will separately file any Corporate Disclosure which may be required in compliance with Fed. R. Civ. P. 7.1.

12. In compliance with 28 U.S.C. § 1446(d), Defendant hereby certifies that it will promptly notify the clerk of the court in the State Court Action and all adverse parties of this removal.

## IV. CONCLUSION AND PRAYER

13. The basis for this removal and this Court's jurisdiction is diversity of citizenship under 28 U.S.C. §1332 because (1) Plaintiff is a citizen of Texas, (2) Defendant is not a citizen of Texas and (3) the amount in controversy, based on Plaintiff's pleadings, facially exceeds $75,000, exclusive of interest and costs. As such, this removal is proper under 28 U.S.C. §1441. On these grounds, Defendant hereby removes the referenced State Court Action to this Court.

14. THEREFORE, Defendant State Automobile Mutual Insurance Company respectfully requests that the above-entitled action be removed from the 241st Judicial District Court of Smith County, Texas to the United States District Court for the Eastern District of Texas, Tyler Division.

        Respectfully submitted,

        MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By: */s/ Clinton J. Wolbert*
      Clinton J. Wolbert
      Texas Bar No.: 24103020
      Federal I.D. 3041729
      E-Mail: wolbert@mdjwlaw.com

808 Travis Street, Suite 1100
Houston, Texas 77002
Telephone:  (713) 632-1700
Facsimile:   (713) 222-0101

**ATTORNEY-IN-CHARGE FOR DEFENDANT, STATE AUTOMOBILE MUTUAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been served this 1st day of April 2021 to the following counsel of record by *Electronic Filing*:

| | |
|---|---|
| Preston J. Dugas, III<br>PRESTON DUGAS LAW FIRM, PLLC<br>1701 River Run, Suite 703<br>Fort Worth, Texas 76107<br>Phone: (817) 945-3061<br>Facsimile: (682) 219-0761 | **Via ECF/Email:** preston@pjdlawfirm.com |
| Vincent P. Circelli<br>CIRCELLI & WALTER, PLLC<br>500 E. 4th Street, Suite 250<br>Fort Worth, Texas 76102<br>Phone: (817) 697-4942<br>Facsimile: (817) 697-4944 | **Via ECF/Email:** vcircelli@circelliwalterlaw.com |

        */s/Clinton J. Wolbert*
        Clinton J. Wolbert