Penny Clarkston, Smith County District Clerk
Reviewed By: Penny Clarkston

21-0356-C

CAUSE NO. _____

| | | |
|---|---|---|
| BETA TELE-PAGE INC., | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | _____ JUDICIAL DISTRICT |
| | § | |
| STATE AUTOMOBILE MUTUAL | § | |
| INSURANCE COMPANY, | § | |
| Defendant. | § | SMITH COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

BETA TELE-PAGE, INC., Plaintiff herein, files this its Original Petition against Defendant, STATE AUTOMOBILE MUTUAL INSURANCE COMPANY ("State Auto"), and, in support of its causes of action, would respectfully show the Court the following:

## I.     PARTIES

1.     Plaintiff, BETA TELE-PAGE INC ("Plaintiff")., owns the property made the basis of this suit located at 1515 & 1517 W. Southwest Loop 323, Tyler, Texas 75701 in Smith County, Texas (the "Property").

2.     Defendant, STATE AUTOMOBILE MUTUAL INSURANCE COMPANY ("SAMIC" or "Defendant") is a foreign entity authorized to engage in the insurance business in the State of Texas and was engaged in the insurance business in this State during all relevant times to this lawsuit. Defendant may be served by serving its registered agent for service of process, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701. Service is requested by private process server at this time.

## II.     DISCOVERY

3.     Plaintiff intends to conduct discovery under a Level 3 discovery control plan pursuant to the Texas Rules of Civil Procedure.

## III.     CLAIM FOR RELIEF

2/24/2021 1:28 PM

4.      At this time, Plaintiff cannot assess accurately a definite limit to the damages it has sustained, or will sustain in the future, as a result of Defendant's acts. Given the early state of this litigation, projections have not been declared regarding the full extent and severity of the injuries and damages. In view of these circumstances, Plaintiff does not wish to impose any limit on what it may present to the jury or what the jury may consider as a range of damages in this case; however, Plaintiff makes the following representation in compliance with Tex. R. Civ. P. 47(c) to aid in the efficient court administration. Plaintiff believes that the most reasonable option afforded under Tex. R. Civ. P. 47, at this time, prior to the completion of discovery in the case, is to seek monetary relief of over $250,000 but not more than $1,000,000, exclusive of interest and costs. Plaintiff reserves the right to modify or adjust this statement, as the litigation progresses, and additional evidence is compiled. Regardless of what Plaintiff must state for administrative purposes as the amount of damages it seeks pursuant to Tex. R. Civ. P. 47(c), they desire to leave the final determination of damages, if any, to the sole province of the jury, based upon the credible evidence presented to the jury at trial.

## IV.      JURISDICTION AND VENUE

5.      This court has subject matter jurisdiction of this cause of action, because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

6.      Venue is proper in Smith County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County.

## V.      FACTUAL BACKGROUND

7.      Plaintiff entered into an agreement with Defendant to pay Defendant premiums in exchange for insurance coverage protecting Plaintiff's Property.

8.      The agreement was drafted by Defendant and assigned Policy Number BOP-2880601 (the "Policy"). The Policy's effective date was from May 10, 2017 to May 10, 2018 (referred to as the "Policy Period").

9.      The Policy covers damage to property as a result of hail, wind, and rain.

10.     During the Policy Period, a wind, hail and rain storm hit Smith County, Texas damaging Plaintiff's Property.

11.     Defendant assigned the claim, claim number PR-0000000-239248 (referred to as the "Claim").

12.     Plaintiff hired Insurance Adjusters Group, LLC. ("IAG") to conduct an inspection of the Property. The inspection resulted in findings of serious and substantial hail and wind damage, totaling more than $155,629 in actual covered damages. This report was sent to Defendant, and in her March 5, 2020 correspondence to State Auto, Rachel Smith of IAG "attached [the] estimate of damages for Beta Telepage."   Ms. Smith also communicated to State Auto that "[IAG has] requested several time[s] for a re-inspection of the property." State Auto subsequently refused to inspect the Property.  Defendant failed and refused to perform a proper inspection or re-inspection of the Property and as a result improperly denied the Claim.

13.     Defendant and its adjusters assigned to the Claim have failed to furnish Plaintiff with requested copies of Defendants estimate for damages and Defendant's expert's report.  As such, Plaintiff is unable to ascertain whether Defendant included all of the damages sustained by the Property before improperly denying Plaintiff's claim. and undervalued the damages observed during the inspection.

14.     Defendant and its adjusters' unreasonable investigation led to the denial of Plaintiff's claim.

15.     Moreover, Defendant and its adjusters performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property, initially claiming there was no hail damage, at all.  Defendant recently agreed to inspect the property but has failed to issue an updated determination of coverage.

## VI.     CAUSES OF ACTION

### A.     Breach of Contract

16.     Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 15 of this petition.

17.     Defendant entered into the Policy with Plaintiff.

18.     Plaintiff's Property sustained damage during the Policy Period as a result of rain, wind, and hail which is a covered cause of loss under the Policy.

19.     Defendant breached the terms of the Policy by wrongfully denying the Claim.

20.     As a result of Defendant's breach of the Policy, Plaintiff has sustained actual damages and has incurred reasonable and necessary attorney's fees to date.

**B.     Insurance Code Violations**

21.     Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 20 of this Petition.

### *Prompt Payment of Claims Statute*

22.     As set forth above, Plaintiff was insured under the Policy during the Policy Period.

23.     During the Policy Period, a wind and hail storm swept through Tyler, Texas and damaged Plaintiff's Property.

24.     As a result, Plaintiff gave proper notice of a claim under the Policy to Defendant.

25.     Defendant is under an obligation to promptly pay Plaintiff's claim.

26.     Defendant delayed payment of Plaintiff's claim for a time exceeding the period specified by statute by wrongfully denying damages clearly covered from the Policy.

27.     To date, Defendant has not tendered payment for all of Plaintiff's damages arising out of its insurance claim with Defendant.

28.     The failure of Defendant to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.058 of the Texas Insurance Code.

29.     As a result of the insurance code violations listed above, Plaintiff, in addition to Plaintiff's claim for damages is entitled to statutory interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

### *541 Insurance Code Violations*

30.     Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

31.     Plaintiff is considered a "person" under the Texas Insurance Code § 541.002. Likewise, Defendant is engaged in the business of insurance and is thus a "person" under § 541.002.

32.     Defendant violated § 541.051 of the Texas Insurance Code by making statements misrepresenting the terms and/or benefits or advantages of the policy and by using a name or title of a policy or class of policies that misrepresents the true nature of the policy or class of policies.

33.     Defendant violated § 541.060:

(a)     *541.060(a)(1)-misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue.*

34.     Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 33 of this Petition.

35.     Defendant misrepresented the following:

i.      There was no damage to Plaintiff's roofing system sustained during a storm which occurred during the Policy Period.

ii.     There was no covered loss as a result of the aforementioned storm which occurred during the Policy Period;

iii.    Interior damage was not due to a covered cause of loss; and

iv.     Plaintiff did not have the privilege to demand appraisal.

36.     Each of these acts and omissions, singularly or in conjunction with the others, constituted a violation of Texas Insurance Code § 541.060(a)(1), which proximately caused Plaintiff's damages.

(b)  *§ 541.060(a)(2)-failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear.*

37.  Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 36 of this Petition.

38.  Defendant failed to attempt in good faith to effectuate a prompt, fair and equitable settlement by:

i.  failing to properly investigate the interior damage;

ii.  misrepresenting to Plaintiff that the interior damage was not due to rain water entering the Property from a wind or hail created opening;

iii.  ignoring and/or attempting to discredit findings that show hail impact damage;

iv.  failing to acknowledge that hail impact damage affected the and hinders the overall functionality of the roofing system;

v.  failing to appraise the damages found in the IAG report in an effort to solely deny Plaintiff's claim, despite clear evidence to the contrary; and

vi.  failing to write an estimate that includes all storm-created openings and damages found to be sustained by the roofing system.

39. Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(2), which proximately caused Plaintiff's damages.

(c)  *541.060(a)(3)-failing to promptly provide Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim.*

40.  Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 39 of this Petition.

41.  Defendant failed to promptly provide Plaintiff a reasonable explanation of the basis for Defendant's denial of the claim. Defendant's denial was based solely on its outcome-oriented

report. Defendant failed to explain how the roof can show hail impact damage but the damages to the roof not be covered. It also failed to explain why the interior water damage was not covered. Defendant's decision was merely a regurgitation of Policy language.

42.     Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(3), which proximately caused Plaintiff's damages.

        (d)     *541.060(a)(4) by failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff.*

43.     Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 42 of this Petition.

44.     Defendant failed within a reasonable time to affirm or deny coverage or submit a reservation of rights by taking months to render a decision letter. The initial inspection was conducted or about February 2019 and an additional inspection was finally conducted after repeated requests on January 22, 2021, yet Defendant has failed to re-issue a coverage decision.

45.     Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(4), which proximately caused Plaintiff's damages.

        (g)      *541.060(a)(7) by refusing to pay Plaintiff's Claim without conducting a reasonable investigation with respect to the Claim.*

46.     Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 45 of this Petition.

47.     Defendant refused to pay Plaintiff's claim without conducting a reasonable investigation by:

        i.      failing to properly investigate the interior damage;

        ii.     misrepresenting to Plaintiff that the interior damage was not due to rain water entering the Property from a wind or hail created opening;

        iii.    ignoring and/or attempting to discredit laboratory findings that show hail impact damage;

     iv.     failing to acknowledge its admissions at the property that hail impact damage penetrated the roofing system; and

     v.     preventing Plaintiff from being a part of the testing;

48.     Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(7), which proximately caused Plaintiff's damages.

49.     Defendant violated § 541.061:

     i.     making an untrue statement of material fact;

     ii.     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

     iii.     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

     iv.     making a material misstatement of law; and

     v.     failing to disclose a matter required by law to be disclosed.

**C.     DTPA Violations**

50.     Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 49 of this Petition.

51.     At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

52.     Defendant is a "person" as defined by § 17.45 of the Texas Business and Commerce Code.

53.     Defendant violated the Texas Deceptive Trade Practices Act by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that this Defendant took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

54.     As a result, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b) and reasonable and necessary attorney's fees as allowed by § 17.50 of the Business and Commerce Code.

**D.      Breach of The Duty of Good Faith and Fair Dealing**

55.     Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 54 of this Petition.

56.     Plaintiff and Defendant entered into a valid and enforceable insurance policy.

57.     Defendant owed Plaintiff the common law duty of good faith and fair dealing.

58.     Defendant breached the common law duty of good faith and fair dealing by:

    i.       failing to properly investigate the interior damage;

    ii.      misrepresenting to Plaintiff that the interior damage was not due to rain water entering the Property from a wind or hail created opening;

    iii.     ignoring and/or attempting to discredit findings that show hail impact damage;

    iv.      failing to acknowledge that hail impact damage affected the and hinders the overall functionality of the roofing system;

    v.        failing to write an estimate that includes all storm-created openings and damages found to be sustained by the roofing system; and

    vi.      Defendant denied payment on the Claim when Defendant knew or should have known liability was reasonably clear. There was no reasonable basis for Defendant to deny the Claim.

59.     Upon information and belief, Defendant's actions were performed without due regard or care for the Claim process and were done intentionally and/or with gross negligence.

60.     Defendant was aware at all times that its actions would result in the denial and/or underpayment of Plaintiff's Claim, cause mental anguish and thus extraordinary harm associated with Plaintiff's Claim.

61.     As a result of Defendant's aforementioned acts and/or omissions, Plaintiff sustained actual damages.

## VII.    ATTORNEYS' FEES

62.     Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 61 of this petition.

63.     Plaintiff engaged the undersigned attorneys to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

64.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because Plaintiff is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

65.     Plaintiff further prays that it be awarded all reasonable attorneys' fees incurred in prosecuting its causes of action through trial and any appeal pursuant to §§ 541.152 and 542.060 of the Texas Insurance Code.

66.     Plaintiff further prays that it be awarded all reasonable and necessary attorney's fees incurred in prosecuting Plaintiff's DTPA causes of action above pursuant to § 17.50(d).

## VIII.    CONDITIONS PRECEDENT

67.     All conditions precedent to Plaintiff's right to recover have been fully performed or have been waived by Defendant.

## IX.    DEMAND FOR JURY

68.     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## X.    DISCOVERY REQUESTS

69.     Pursuant to Rule 194, you are required to disclose, within thirty (30) days after filing an Answer herein, the information or material described in Rule 194.2(b)1-12.

## XI.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that, upon final hearing of the case, it recover actual damages, treble/exemplary damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

*/s/ Preston J. Dugas, III*

Preston J. Dugas III
State Bar No. 24050189
preston@pjdlawfirm.com
Brittany Siscoe
State Bar No.: 24101051
brittany@pjdlawfirm.com

**PRESTON DUGAS LAW FIRM, PLLC**
1701 River Run, Suite 703
Fort Worth, Texas 76107
Telephone:    (817) 945-3061
Facsimile:    (682) 219-0761

*/s/ Vincent P. Circelli*

Vincent P. Circelli
State Bar No. 24058804
vcircelli@circelliwalterlaw.com
Kelli L. Walter
State Bar No. 24074576
kwalter@circelliwalterlaw.com

**CIRCELLI & WALTER, PLLC**
500 E. 4th Street, Suite 250
Fort Worth, Texas 76102
Telephone:    (817) 697-4942
Facsimile:    (817) 697-4944

**ATTORNEYS FOR PLAINTIFF**